UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CATALDO,<br><br>                                      Plaintiff,<br><br>v.<br><br>SHERIFF MADOX,<br><br>                                      Defendant. | Case No.:  16-CV-2747-JAH-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AND APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen Order 596**<br><br>**[ECF No. 13]** |

Before the Court is Plaintiff David Cataldo's motion for appointment of counsel. (ECF No. 13.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I. <u>INTRODUCTION</u>

On April 11, 2017, Plaintiff filed a motion for appointment of counsel. (*Id.*) In the motion, Plaintiff claimed he had several medical issues that created the exceptional circumstances required for the appointment of counsel. (*Id.*) Finding that additional information was needed for the Court to make a ruling on the motion, the Court ordered Plaintiff to file a supplemental brief explaining how and to what extent his physical ailments limited him. (ECF No. 14.) The Court also requested for *in camera* review Plaintiff's medical records or any other medical files that support Plaintiff's claims. (*Id.*) On May 3, 2017, Plaintiff timely filed supplemental briefing, (ECF No. 20,) and on May

24, 2017 timely filed supplemental medical records, (ECF No. 22).

## II. <u>LEGAL STANDARD</u>

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986.) The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). While the Court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## III. <u>DISCUSSION</u>

Plaintiff brought this action under 42 U.S.C. § 1983 claiming that a defendant identified only as Sheriff Madox, the medical staff at George F. Bailey Detention Facility, and a defendant identified only as Dr. Tran at the Vista Detention Facility violated the Eighth and Fourteenth Amendments for deliberate indifference to Plaintiff's medical needs and failure to protect given Plaintiff's existing medical condition. (ECF No. 1 at 3.) Plaintiff's claims include allegations that the defendants failed to timely seek emergency medical care, failed to protect Plaintiff from attacks by other inmates given his medical condition, and the defendants confiscated Plaintiff's necessary medical equipment. (*Id*. at 2.)

Plaintiff argues that exceptional circumstances exist here because Plaintiff is in a wheelchair, is missing a portion of his skull, is blind in his right eye and as a result of these ailments is very limited in his ability to litigate the matter because he cannot think properly.

(ECF No. 13 at 1, ECF No. 20 at 1.) In support of these claims, Plaintiff lodged several medical documents. These documents reveal that Plaintiff has a "history of chronic brain injury" that was ultimately assessed as "[t]raumatic brain injury" and that it is not foreseen that "any neurological intervention" would benefit Plaintiff. (ECF No. 22 at 4.) As a result of the missing piece of the skull, Plaintiff should "wear a helmet whenever out of bed or in a situation where he could fall or be prone to having his skull defect exposed." (*Id.*)

### a. Likelihood of Success

At this point in the litigation, Plaintiff has simply filed a First Amended Complaint, a motion to proceed *in forma pauperis*, and the present motion for the appointment of counsel. As such, the Court is unable to make a determination that Plaintiff will likely succeed on the merits. Equally important, the Court is unable to determine that Plaintiff will likely not be successful on the merits. The Ninth Circuit, in a recent unpublished opinion, indicated that merely articulating a claim for relief is sufficient to satisfy this prong. *See Tilei v. McGuinness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (when finding the district court abused its discretion in denying the plaintiff counsel, the Court stated, "[f]inally, Tilei's complaint states a claim for relief, and therefore suggests that he may succeed on the merits.") With this standard in mind, the Court finds that since Plaintiff has stated a claim for relief he may succeed on the merits. Accordingly, this prong favors the appointment of counsel.

### b. Ability to Articulate Claims

Plaintiff has filed a limited number of documents in the case to date. However, these limited documents make it apparent that Plaintiff is incapable of articulating his claims. With the exception of the pre-printed complaint form, these documents are largely incomplete and require the Court to construe them for Plaintiff in order to make sense of them. Additionally, Plaintiff's case has the potential to be legally and factually complex. Plaintiff's claims of deliberate indifference to medical needs and failure to protect based on medical status will turn on standards of care, causation, and medical treatment issues that may require the testimony of expert witnesses, necessitating expert discovery, a task

16-CV-2747-JAH-WVG

that is undoubtedly complex.

Lastly, the Court should consider the characteristics of the Plaintiff himself in addition to the characteristics of the claim. *See McElyea v. Babbitt*, 833 F.2d 196, 199 n. 3 (9th Cir. 1987) (per curiam); *see also Tilei*, 642 Fed. Appx. at 722 (when considering the articulation prong, "courts should consider not only the characteristics of the claim, but also the characteristics of the plaintiff."). Consideration of Plaintiff's characteristics further supports the appointment of counsel. Plaintiff's medical documents demonstrate he suffers from a traumatic brain injury, requiring constant attention. This evidence alone is sufficient to support his argument that he is incapable of articulating his claims.

For these reasons, the Court finds that Plaintiff does not have the ability to articulate his claims due to their complexity and his medical incapacity. Accordingly, this prong favors the appointment of counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

# IV. **CONCLUSION**

For the foregoing reasons, the Court finds this is the rare case where exceptional circumstances exist to warrant the appointment of counsel at this early stage and Plaintiff's motion is **GRANTED**. Pursuant to S.D. Cal. General Order 596, the Court appoints Ronald W. Noya, SBN 77603, 701 B Street, Suite 228, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within twenty-one (21) days of this Order, a formal written Notice of Substitution of Attorney signed by both Plaintiff and Pro Bono Counsel. Such substitution will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes during further proceedings before this Court, *in this matter only*, and at the Court's specific request. *See* CivLR 83.3.f.1, 2.

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Noya with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: June 26, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

16-CV-2747-JAH-WVG