UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CATALDO, CDCR #T-79908,<br><br>        Plaintiff,<br><br>v.<br><br>SHERIFF DEPUTY MADOX, Vista Detention Facility; JOHN DOES, GBDF Medical Staff; Dr. QUOC TRAN; COUNTY OF SAN DIEGO,<br><br>        Defendants. | Case No.: 3:16-cv-2747-JAH-WVG<br><br>**ORDER:**<br><br>**1) REINSTATING ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br>**[ECF No. 35]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE PURSUANT TO Fed. R. Civ. P 41(b)** |

On May 14, 2018, Defendant County of San Diego filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 35. Plaintiff, a prisoner then represented by pro bono counsel, filed a Notice of Non-Opposition, and on June 7, 2018, the Court granted the County's Motion. *See* ECF Nos. 36, 37.

///

Nine months later, on March 25, 2019, after no further action on Plaintiff's part, and after no waiver or proof of service upon any other Defendant named in the SAC had been filed, *see* Fed. R. Civ. P. 4(*l*)(1), the Court ordered Plaintiff to show cause why the remainder of his case should not be dismissed for failure to prosecute pursuant to Local Rule 41.1. *See* ECF No. 40. Plaintiff's counsel filed a Response (ECF No. 41), together with a Motion seeking to withdraw as Plaintiff's counsel of record (ECF No. 42).

In light of these submissions, on May 6, 2019, the Court continued and re-set both matters for hearing on May 24, 2019. *See* ECF Nos. 44, 45. The Court ordered Plaintiff's counsel to appear at that hearing, and to arrange for Plaintiff to appear telephonically. *See* ECF No. 45. On May 24, 2019, the Court granted Plaintiff's pro bono counsel's Motion to Withdraw, set aside its previous Order granting the County's Motion to Dismiss, and granted Plaintiff until September 10, 2019 to file an Opposition. *See* ECF Nos. 46, 47.

On July 11, 2019, Plaintiff filed a letter with the Court requesting appointment of another pro bono attorney, and attaching portions of his medical records confirming his various physical ailments and learning disabilities. *See* ECF No. 50. But after he failed to file an Opposition on September 10, 2019, the County filed yet another Notice of Non-Opposition, requesting that the Court's June 7, 2018 Order be reinstated. *See* ECF No. 51.

In the meantime, and in response to Plaintiff's July 11, 2019 letter, the Court renewed its efforts to locate another volunteer to represent Plaintiff from its Pro Bono Panel, but was unsuccessful. On October 4, 2019, however, the Court held another telephonic status hearing, notified both Plaintiff and County Counsel that it would continue its search, but cautioned Plaintiff he was not entitled to the appointment of counsel and would be required to prosecute his case pro se unless another attorney volunteered. *See* ECF No. 52. The Court then stayed the case and set another status hearing for December 16, 2019. *See* ECF No. 54.

At the December 16, 2019 status hearing, Plaintiff indicated on the record that he was scheduled for early parole release sometime in January, but still wished to prosecute

his case. Therefore, the Court agreed to continue its search for pro bono counsel, this time with the gracious assistance of the San Diego Volunteer Lawyer Program, but again cautioned Plaintiff that if its attempts were unsuccessful, he would be required to proceed on his own. The Court further ordered Plaintiff to file a Notice of Change of Address upon his release from custody as required by S.D. Cal. CivLR 83.11.b, and set another telephonic status hearing for February 10, 2020. *See* ECF No. 54.

On February 10, 2020, the Court held that hearing, but Plaintiff failed to appear. The Court confirmed Plaintiff is no longer in custody of the California Department of Corrections and Rehabilitation, and noted he has failed to comply with the Court's December 16, 2019 Order requiring him to file a change of address. *See* https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited Feb. 20, 2020); *Pacheco v. Diaz*, No. 1:19-CV-00774-SAB PC, 2019 WL 5073594, at *2 n.1 (E.D. Cal. Sept. 4, 2019) ("The Court may take judicial notice of public information stored on the CDCR inmate locator website."), *report and recommendation adopted*, No. 1:19-CV-00774-LJO-SAB PC, 2019 WL 5063451 (E.D. Cal. Oct. 9, 2019); *In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). County Counsel therefore again requested that the Court reinstate its June 7, 2018 Order granting its Motion to Dismiss Plaintiff's SAC with prejudice based both on his failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Court agrees dismissal is now appropriate.

**Conclusion and Order**

Accordingly, the Court hereby:

1) Reinstates its June 7, 2018 Order Granting Defendant County of San Diego's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 35]; and

2) Dismisses the remainder of this civil action in its entirety based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated: February 11, 2020

_____
Hon. John A. Houston
United States District Judge